THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**SIRIUS XM RADIO INC.,**<br><br>          **Defendant.** | **CIVIL ACTION NO.** 2:23-cv-591<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff files this complaint for patent infringement against defendant Sirius XM Radio, Inc. and alleges as follows:

## PARTIES

1.     Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2.     On information and belief, Defendant Sirius XM Radio Inc. has an office at 8550 Freeport Parkway, Irving, Texas 75063, does business in this State, and has employees located throughout the state.



**Figure 1** – Excerpt from Sirius XM job postings in Texas.  Here are  just three (3) of 34 are listed.

3. Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## ACCUSED INSTRUMENTALITIES

4. Defendant's Streaming audio players, including GDI-SXBR$_2$, and GDI-SXBR$_3$, which infringes Claims 1, 2, 3, 13, 17, 18, 19, and 23 of the '195 Patent and Claims 1, 3, 5, 6, 8, and 9 of the '723 Patent.



Figure 2 – Excerpt from Exhibit 3.

## COUNT I

### Infringement of United States Patent No. 8,671,195

5. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

6. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

7. Defendant has knowledge of its infringement of the '195 Patent (**Exhibit 1**), at least as of the service of the present complaint.

8. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '195 Patent by making, using, importing, selling, and/or offering for sale, as identified in the Claim Chart attached hereto as **Exhibits 3**.

9. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '195 Patent, by having its employees internally test and use the Accused Instrumentalities.

10. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 3**) and references cited, constitutes actual knowledge of infringement as alleged here.

11. **Exhibit 3** includes at least one chart comparing the exemplary claim 1 of the '195 Patent to exemplary Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '195 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '195 Patent.

12. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 3**.

13. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

14. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

15. The '195 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '195 Patent, pursuant to 35 U.S.C. § 271.

17. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '195 Patent, without license or authorization.

18. As a result of Defendant's infringement of the '752 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

19. Plaintiff is in compliance with 35 U.S.C. § 287.

20. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '195 Patent up until the date that Defendant ceases its infringing activities or until expiration projected by Google Patents to be no earlier than February 6, 2032.

21. Defendant's infringement is willful as it had knowledge of the patents through its Freedom to Operate analysis performed on information and belief.

## COUNT 2
### INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723

22. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

23. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

24. Defendant has knowledge of its infringement of the '723 Patent (**Exhibit 2**), at least as of the service of the present complaint.

25. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '723 Patent by making, using, importing, selling, and/or offering for sale, as identified in the Claim Chart attached hereto as **Exhibits 4**.

26. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '723 Patent, by having its employees internally test and use the Accused Instrumentalities.

27. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 4**) and references cited, constitutes actual knowledge of infringement as alleged here.

28. **Exhibit 4** includes at least one chart comparing the exemplary claim 1 of the '723 Patent to exemplary Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '723 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '723 Patent.

29. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 4**.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

31. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

32. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

33. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '723 Patent, pursuant to 35 U.S.C. § 271.

34. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '723 Patent, without license or authorization.

35. As a result of Defendant's infringement of the '723 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

36. Plaintiff is in compliance with 35 U.S.C. § 287.

37. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '723 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

38. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  December 12, 2023

Respectfully Submitted,

*/s/ Randall T. Garteiser*
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
M. Scott Fuller
   Texas Bar No. 24036607
   rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**