

| Harry L. "Gil" Gillam, Jr. | Melissa Richards Smith |
|---|---|
| **Managing Partner** | **Managing Partner** |
| gil@gillamsmithlaw.com | melissa@gillamsmithlaw.com |

| **Tom Gorham, Partner** | **Travis Underwood, Partner** | **McKellar Karr, Associate** |
|---|---|---|
| tom@gillamsmithlaw.com | travis@gillamsmithlaw.com | mckellar@gillamsmithlaw.com |

303 South Washington Avenue, Marshall, Texas 75670     P 903.934.8450 | F 903.934.9257
102 North College, Suite 800, Tyler, Texas 75702     P 903.780.3226     www.gillamsmithlaw.com

March 14, 2024

VIA CM/ECF
The Honorable Rodney Gilstrap, U.S.D.J.
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas 75670

> Re:     *Display Technologies, LLC v. Sirius XM Radio Inc.*, No. 2:23-CV-00591-JRG;
> Parties' Joint Letter Regarding Necessity of Prior Claim Construction to Decide
> Patent Eligibility Under 35 U.S.C. § 101

Dear Judge Gilstrap:

Plaintiff Display Technologies, LLC ("Display Technologies" or "DT") and Defendant Sirius XM Radio Inc. ("Sirius" or "SXM") (collectively, the "Parties") respectfully submit this joint letter pursuant to the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101 where each of the Parties outline their respective positions below.

A table listing the Asserted Patents and the Asserted Claims appears below.

| **Asserted Patent** | **Asserted Claims** | **Count No. in Complaint (Dkt. 1)** |
|---|---|---|
| U.S. Patent No. 9,300,723 ("the '723 Patent") | 1, 3, 5, 6, 8, 9 | Count One |
| U.S. Patent No. 8,671,195 ("the '195 Patent") | 1, 2, 3, 13, 17-19, 23 | Count Two |

### I. Plaintiff Symbology's Position

In addition to the claim construction issue noted herein, there are a plethora of factual disputes the preclude resolution of this matter at the pleading stage. *See Berkheimer v. HP, Inc*., 881 F.3d 1360, 1368 (Fed. Cir. Feb. 2018) ("The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact that must be proven 'by clear and convincing evidence.'"). Specifically, Display Technologies contends that *at least* the following phrase must be construed prior to the Court ruling on Sirius' motion to dismiss (all intrinsic evidence citations are made with respect to Patent No. 9,300,723):

| Disputed Term/Phrase | Patent/Claim Numbers | Preliminary Construction and Intrinsic Evidence |
|---|---|---|
| "a communication link . . . structured to bypass at least one media terminal security measure" | **Pat. No. 9,300,723** 1, 17, 23 <br><br> **Pat. No. 8,671,195** 1 | "a communication link capable of bypassing at least one security measure such that the transference of a media file between a media terminal and a media node can occur regardless of whether the media node has independent access to the interactive computer network." <br><br> Intrinsic Evidence: <br> 5: 17-25 <br> 5: 37-44 |

For example, Sirius argues that the claims are directed to the abstract idea of "transferring a digital media file." *See* Sirius' Motion to Dismiss (Dkt. No. 13) at 17. However, the communication link used for transferring the digital media file must be properly structured such that the transference can occur regardless of regardless of whether the media node has independent access to the interactive computer network. This proper structure includes the ability to bypass at least one security measure. Thus, a proper construction of the phrase "a communication link . . . structured to bypass at least one media terminal security measure" is required in order to not only evaluate the merits of Sirius' "abstract concept" arguments, but also to evaluate the merits of Sirius' contention that the claims lack an inventive concept.

Indeed, because Sirius' motion is presented to the Court at the pleading stage, the Court is left with zero developed record from which it could possibly assess what was, and what was not, well-understood, routine, and conventional in the art as of December 2007, not to mention a lack of familiarity with the disclosures.

Accordingly, Sirius' motion is premature and should not be taken up until after claim construction has occurred in this case and the factual record as to the state of the prior art developed.

*See Exergen Corp. v. KAZ USA, Inc.*, No. 2016-2315, 2018 WL 1193529 at \*4 (Fed. Cir. March 8, 2018) ("Something is not well- understood, routine, and conventional merely because it is disclosed in a prior art reference.").

## II.     Defendant SXM's Position

DT fails to present a genuine dispute over whether claim construction is needed to resolve the patent eligibility challenge in SXM's motion to dismiss ("MTD"). DT's proposed construction impermissibly rewrites the claims to include an additional limitation and contradicts its prior position before this Court that no construction of the claim terms were needed for at least one of the Patents-in-Suit. But strictly for purposes of the MTD, SXM does not object to the Court adopting DT's construction because the claims remain patent-ineligible as set forth in the MTD. Accordingly, there is no dispute over claim construction for the purposes of the MTD and the Court can, and should, find the claims invalid under Section 101 at this stage.

**DT's Construction Improperly Introduces New Limitations Into The Claims.** SXM's position is that no claim terms require construction for purposes of the MTD. DT's proposed construction is an improper attempt to rewrite the Asserted Claims to include new subject matter. The added phrase "such that the transference of a media file between a media terminal and a media node can occur regardless of whether the media node has independent access to the interactive computer network" does not appear in the Asserted Claims and it "is improper to import such a limitation into the claims if the claim language itself does not provide support for such a limitation." *Trinity Indus., Inc. v. Rd. Sys., Inc*., 121 F. Supp. 2d 1028, 1042 (E.D. Tex. 2000). While SXM will explain in more detail at the appropriate time why the Court should reject DT's attempt to import limitations, SXM is willing, solely for purposes of the instant motion, to accept this construction as the Patents-in-Suit remain invalid under section 101 for the reasons outlined in the MTD and summarized briefly below. Thus, there is no claim construction dispute for the Court to decide and the Court can rule on SXM's MTD now. *See, e.g.*, *Aatrix Software v. Green Shades Software*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (explaining that, if there are claim construction disputes at the 12(b)(6) stage, the Court may "proceed by adopting the non-moving party's constructions").[1]

**DT's Proposed Construction Does Not Save the Patents-in-Suit From The MTD.** DT's proposed construction does not save its facially invalid claims because the claims are *still* directed to an abstract idea without an inventive concept. Regardless of whether the Court considers the claims as-is or with DT's improper rewriting of them, the claims *still do not recite how* the communication link is "structured to bypass" any security measures (even when they include DT's added limitation that the "transference of a media file between a media terminal and a media node can occur regardless of whether the media node has independent access to the interactive computer network").

---

[1] Unlike the one term presented in this letter, DT originally identified eleven terms potentially requiring construction, including terms not appearing in the claims. For example, DT originally identified "at least one interactive computer network, media file one media terminal, or one media node (Claim 1 723 patent)" as a term requiring construction, but that term does not appear in Claim 1 of the '723 Patent.

The rewriting of the claims merely adds one more functional condition that must be met, not a recitation for how to perform the functions recited in the claims. Indeed, DT fails to identify the "proper structure" or explain how that purportedly "proper structure" would perform the recited function. DT does nothing to take away from SXM's arguments that the Asserted Claims are directed to an abstract idea of transferring a digital media file using commonplace, generic computing and networking devices working as one would expect them to work in their normal everyday usage. MTD at 16-20. And, whether the elements are read individually or as an ordered combination, they fail to provide the necessary "inventive concept" to transform the claims into a patent-eligible application of the abstract idea of transferring a digital media file. *See In re TLI Commn's LLC Patent Litig.*, 823 F.3d 607, 612-15 (Fed. Cir. 2016); *see also* MTD at 20-26. Even under DT's construction, the claims still do not describe any "new" computer or networking technology, or any "new" improvement of same; instead, they merely use generic networked computers that "behave exactly as expected according to their ordinary use." *TLI*, 823 F.3d at 615. Thus, the Patents-in-Suit remain patent ineligible even under DT's proposed construction.

**DT's Position Here Contradicts Its Prior Arguments Raised In This Court.** DT has filed numerous actions in this and other federal courts asserting at least one of the two Asserted Patents. In one case before this Court, DT argued that the claim terms of the '723 Patent ***do not require*** construction. *See Display Techs. v. ZTE (USA)*, Civ. No. 2:17-00068, Dkt. No. 26 (stating that "there are no terms that require construction" with respect to the '723 Patent). Similarly, in an *inter partes* review filed against the '723 Patent, DT did not dispute that an explicit construction was not required for the invalidity analysis. *See* IPR2022-00230, Paper 1 at 23; *see also* IPR2022-00230 Institution Decision, Paper 6 at 10 (granting institution as to the '723 Patent and finding that "no terms of the challenged claims require explicit construction"). This contradiction in DT's current position confirms that DT's proposed claim constructions are intended only to delay consideration of SXM's MTD, rather than comprise a legitimate claim construction dispute.

**DT's Additional Arguments Are Irrelevant.** DT's remaining arguments regarding factual disputes or the need to develop the record are irrelevant as they are unrelated to the claim construction dispute between the parties. Notably, DT fails to mention a single factual dispute or any development of the record that is needed for the Court to rule on the MTD now, as opposed to waiting for claim construction. Indeed, everything needed for the Court to rule on the MTD is in the Patents-in-Suit. If a substantive argument about additional facts is presented at some point, SXM will respond to such arguments at that time.

Respectfully submitted,

/s/ *Randall T. Garteiser*
Randall Garteiser
Texas Bar No.: 24038912
rgareiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street Tyler, Texas 75702
903-705-7420
*Attorneys for Plaintiff*

/s/ *Mark A. Baghdassarian*
Mark A. Baghdassarian
Shannon Hedvat
Jeffrey Coleman
mbaghdassarian@kramerlevin.com
shedvat@kramerlevin.com
jcoleman@kramerlevin.com
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Defendant Sirius XM Radio Inc.*

5