THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO. 2:23-cv-0591-JRG<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff files this amended complaint for patent infringement against defendant Sirius XM Radio, Inc. and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant Sirius XM Radio Inc. has an office at 8550 Freeport Parkway, Irving, Texas 75063, does business in this State, and has employees located throughout the state.



**Figure 1** – Excerpt from Sirius XM job postings in Texas. Here are just three (3) of 34 are listed.

3. Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## ACCUSED INSTRUMENTALITIES

4. Defendant's Streaming audio players, including GDI-SXBR$_2$, and GDI-SXBR$_3$, which infringes Claims 1, 2, 3, 13, 17, 18, 19, and 23 of the '195 Patent and Claims 1, 3, 5, 6, 8, and 9 of the '723 Patent.



**Figure 2** – Excerpt from Exhibit 3.

## PATENTS-IN-SUIT

5. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 8,671,195 (the "'195 Patent") and U.S. Patent No. 9,300,723 (the "'723 Patent") (hereinafter

collectively referred to as "the Display Tech Patents"). The '195 Patent is attached as Exhibit 1 and the '723 Patent is attached as Exhibit 2.

6. The Display Tech Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

7. Plaintiff possesses all rights of recovery under the Display Tech Patents, including the exclusive right to recover for past, present and future infringement.

8. The patent application that issued as the '723 Patent is a continuation-in-part of the patent application that issued as the '195 Patent.

9. The priority date of the Display Tech Patents is at least as early December 7, 2007. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

10. Plaintiff alleges infringement on the part of Defendant of the Display Tech Patents.

11. The '195 Patent relates generally to a digital media communication protocol structured to selectively transmit one or more digital media files between a media terminal and a media node via a communication link on an interactive computer network. The communication link is initiated by the media terminal, and the media terminal is disposed in an accessible relation to the interactive computer network. The digital media communication protocol, and in particular, the communication link, is further structured to bypass at least one security measure, such as, for example, a password, security key, and/or firewall. *See* Abstract, '195 Patent.

12. The '723 Patent relates generally to a transfer system for transferring a media file that includes a vehicle media system and a wireless mobile device. At least one of the wireless mobile device and the vehicle media system is configured to create a wireless connection between the vehicle media system and the wireless mobile device, and the wireless connection does not include a security measure that would normally be required by the vehicle media system. *See* Abstract, '723 Patent.

13. As noted, the claims of the Display Tech Patents have priority to at least December 7, 2007. The deficiencies in the state of the art as of the Date of Invention were problematic. A

vast majority of portable devices are equipped with memory devices, such as hard drives and/or removable flash or memory cards, which are capable of holding or storing large amounts of data and or digital media files including digital photographs, videos, audio/music files, etc. With the advent of such devices having these capabilities, individuals or users are more inclined to carry around their media files, such as, for example, digital photo albums, family videos, and/or favorite music tracks. However, many of the portable devices include relatively small display screens, some of which display poor quality photos and/or videos. In addition, the speakers associated with the corresponding portable device(s) are typically rather small and produce minimal or poor sound therefrom. In addition, the individuals or users of the media devices may desire to share the digital media files and/or transfer, display, or play the files on a computer or other media device equipped with a larger or better quality screen, or having higher quality speakers than that disposed on the portable device(s). In addition, some media devices may have better editing software, or have access to the World Wide Web to further distribute the digital media files. *See* '195 Patent at 1:13-39.

      14.     The claims of the Display Tech Patents overcome deficiencies existing in the art as of the date of invention, and comprise non-conventional approaches that transform the inventions as claimed into substantially more than mere abstract ideas. For example, the claims of the Display Tech Patents require a communication link that is structured to bypass one or more security measures, such as a password and/or firewall, employed by the interactive computer network, the corresponding networking devices, and/or the particular media devices themselves. This facilitates

the transfer or transmission of digital media files between two or more media devices, and is an unconventional technological improvement over the prior art.

15. The claims of the Display Tech Patents are not drawn to laws of nature, natural phenomena, or abstract ideas. The specific combinations of elements, as recited in the claims, was not conventional or routine at the time of the invention.

16. Further, the claims of the Display Tech Patents contain inventive concepts which transform the underlying non-abstract aspects of the claims into patent-eligible subject matter.

17. The '195 Patent was examined by Primary United States Patent Examiner Larry Donaghue. During the examination of the '195 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 709/225 and 709/229.

18. After conducting a search for prior art during the examination of the '195 Patent, the United States Patent Examiner identified and cited sixteen United States patents, eight published United States patent applications, two foreign patent documents and four publications.

19. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '195 Patent to issue. In so doing, it is presumed that Examiner Uyen used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Donaghue had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '195 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '195 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been

known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Donaghue.

20. The claims of the '195 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

21. The nominal expiration date for the claims of the '195 Patent is no earlier than January 8, 2029.

22. The '723 Patent was examined by Primary United States Patent Examiner Jungwon Chang. During the examination of the '723 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: H04L 67106 (2013.01); H04L 6310209 (2013.01); H04L 63/10 (2013.01); H04L 63/20 (2013.01); and H04W 12108 (2013.01).

23. After conducting a search for prior art during the examination of the '723 Patent, the United States Patent Examiner identified and cited sixteen United States patents, ten published United States patent applications, two foreign patent documents and seven publications.

24. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '723 Patent to issue. In so doing, it is presumed that Examiner Chang used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Chang had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '723 Patent are novel and non-

obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '723 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Chang.

25. The claims of the '723 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

26. The nominal expiration date for the claims of the '723 Patent is no earlier than January 8, 2029.

## COUNT I

### Infringement of United States Patent No. 8,671,195

27. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

28. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

29. Defendant has knowledge of its infringement of the '195 Patent (**Exhibit 1**), at least as of the service of the present complaint.

30. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '195 Patent by making, using,

importing, selling, and/or offering for sale, as identified in the Claim Chart attached hereto as **Exhibits 3**.

31. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '195 Patent, by having its employees internally test and use the Accused Instrumentalities.

32. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 3**) and references cited, constitutes actual knowledge of infringement as alleged here.

33. **Exhibit 3** includes at least one chart comparing the exemplary claim 1 of the '195 Patent to exemplary Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '195 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '195 Patent.

34. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 3**.

35. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

36. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

37. The '195 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '195 Patent, pursuant to 35 U.S.C. § 271.

39. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '195 Patent, without license or authorization.

40. As a result of Defendant's infringement of the '752 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

41. Plaintiff is in compliance with 35 U.S.C. § 287.

42. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '195 Patent up until the date that Defendant ceases its infringing activities or until expiration projected by Google Patents to be no earlier than February 6, 2032.

43. Defendant's infringement is willful as it had knowledge of the patents through its Freedom to Operate analysis performed on information and belief.

## COUNT 2
## INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723

44. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

45. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

46. Defendant has knowledge of its infringement of the '723 Patent (**Exhibit 2**), at least as of the service of the present complaint.

47. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '723 Patent by making, using, importing, selling, and/or offering for sale, as identified in the Claim Chart attached hereto as **Exhibits 4**.

48. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '723 Patent, by having its employees internally test and use the Accused Instrumentalities.

49. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 4**) and references cited, constitutes actual knowledge of infringement as alleged here.

50. **Exhibit 4** includes at least one chart comparing the exemplary claim 1 of the '723 Patent to exemplary Accused Instrumentalities. As set forth in this chart, the Accused

Instrumentalities practice the technology claimed by the '723 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '723 Patent.

51. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 4**.

52. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

53. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

54. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

55. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '723 Patent, pursuant to 35 U.S.C. § 271.

56. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '723 Patent, without license or authorization.

57. As a result of Defendant's infringement of the '723 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

58. Plaintiff is in compliance with 35 U.S.C. § 287.

59. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '723 Patent up until the date that Defendant ceases its infringing activities.

## **DEMAND FOR JURY TRIAL**

60. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

10

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  April 1, 2024

Respectfully Submitted,

*/s/ Randall T. Garteiser*
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**