**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**DISPLAY TECHNOLOGIES, LLC,**

**Plaintiff,**

**v.**

**SIRIUS XM RADIO INC.,**
**Defendant.**

**CASE NO. 2:23-cv-00591-JRG-RSP**

**JURY TRIAL DEMANDED**

**PROTECTIVE ORDER**

WHEREAS, Plaintiff and Defendant identified above, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. This Stipulated Protective Order shall apply to all information, documents and things subject to discovery or provided in the Action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced for inspection and documents and things provided, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admissions. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information

1

or items that are entitled to confidential treatment under the applicable legal principles.

## DEFINITIONS

2.      The term "Action" shall mean the above-captioned action.

3.      The terms "Designating Party" and "designating party" shall mean the Party or Third Party designating or producing documents or information, in disclosures or in responses to discovery, as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," under this Stipulated Protective Order.

4.      The term "Discovery Material" shall mean all items, information and tangible things (regardless of how they are generated, stored or maintained), that are produced, disclosed or generated in disclosures or discovery in this Action.

5.      The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this Action, and (2) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. For purposes of this Order and access to material, an "Expert" shall include direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

6.      The term "In-House Counsel" shall mean lawyers who are employees of a Party.  In-House Counsel does not include any Outside Counsel.

7.      The term "Outside Counsel" shall mean law firms and/or lawyers, who are not employees of a Party and that have been retained to represent or advise a Party in connection with this

Action, and who have made an appearance in the Action on behalf of that Party or who are affiliated with a law firm which has appeared on behalf of that Party.

8.      The term "Party" shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and In-House Counsel and Outside Counsel (and their support staffs).

9.      "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) such as, and including, persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, and all of their employees and subcontractors.

10.     The term "DESIGNATED MATERIAL" or "PROTECTED MATERIAL" shall mean any Discovery Material that is designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

11.     The term "Receiving Party" shall mean a Party that receives or to whom Discovery Material and/or Designated Material is disclosed.

12.     The term "Source Code" shall mean computer instructions and code, scripts, binaries, object code, data definitions, source code listings, and any of the foregoing expressed in a form suitable for input to an assembler or compiler, along with associated comments found within the source code files.  For purposes of clarity, Source Code as defined in this Order shall include any code (such as RTL, HDL, VHDL, Verilog, netlists), hardware-based

documents (such as RTL, HDL, VHDL, Verilog, netlists, physical synthesis, schematics, and similar documents) or technical software documents (such as flow charts and design and functional specifications) that disclose code, are required for code compilation, and/or are used for and/or in the generation of building of an ASIC (Application Specific Integrated Circuit) or software directly executed on a microprocessor, micro-controller or digital signal processor.

13.    The term "Third Party or Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

## **DESIGNATION OF PROTECTED MATERIAL**

14.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material.   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material with any of the following designations defined here: "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

15.    With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE", subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or

deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Designated Materials shall also be considered Designated Material and treated as such under this Order.

16.   Any Discovery Material that is Protected Material shall have the designation placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  Specifically, written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations identified in this Order may be so designated by placing the appropriate designation on every page of the written material prior to production.  For native, electronic or digital files being produced, the Producing Party may append to the file names with the appropriate designation, mark each viewable page or image with the appropriate designation, and/or mark the medium, container, and/or communication in which the digital files were contained.  When the native, electronic or digital file or document is printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to this Order, the Party printing the file or document shall affix a legend to the printed document corresponding to the designation of the Designating Party and include the production number and designation associated with the native, electronic or digital file.  In the event the Producing Party produces original files and records for inspection, the original files and records shall be presumed "RESTRICTED – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate,

during the copying process

17.    For deposition and hearing transcripts, each such transcript shall be presumptively deemed to contain Protected Material and subject to the provisions of this Stipulated Protective Order.  The Designating Party must identify, on the record, before the close of the deposition, hearing, or other proceeding, the specified level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Alternatively, the Designating Party may specify, at the deposition, hearing, or other proceeding, or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE".  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED - ATTORNEYS' EYES ONLY.

18.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as Designated Material, shall be used by the Parties only in the litigation of this Action and shall not be used directly or indirectly for any other purpose.  The protections conferred by this Stipulated Protective Order cover not only Designated Material but also: (a) any information copied or extracted from Designated Material; (b) all copies, excerpts, summaries, or compilations of Designated Material; and (c) any testimony, conversations, or presentations by Parties or

their Outside Counsel or In-House Counsel that might reveal Designated Material.

19.     The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or any information that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

20.     Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Materials and subject to all of the terms and conditions of this Order.

21.     A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.    Inadvertent or unintentional production of documents, information or material that has not been designated as Designated Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the

inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon and must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order and where practicable, immediately return the documents or information that lacked the correct designation.  No showing of error, inadvertence, or excusable neglect shall be required for such re-designation under this Section.  An inadvertent failure to designate qualified information, documents or items does not waive the Designating Party's right to secure protection under this Order for such material.

## DISCLOSURE OF PROTECTED MATERIAL

22.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Third Party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions below pertaining to Final Disposition of the Action.

23.    A Party may use its own Protected Material for any purpose.  The foregoing sentence is not meant to be deemed a waiver of any objection based on relevance, authenticity or admissibility of a Party's use of its own Protected Material.  In no circumstances will a Party's use of its own Protected Material during a deposition constitute a waiver of the designated status of the materials.

24.    Protected Material must be stored and maintained by a Receiving Party at a secure and safe

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents, or things. Protected Material shall be held in confidence by each person to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.   Outside Counsel must maintain copies of all executed Undertakings as set forth in Appendix A.

25.    "CONFIDENTIAL" documents, information and material may be designated as such if they contain or reflect confidential, proprietary, and/or commercially valuable information. As a general guideline, Discovery Material designated as "CONFIDENTIAL" shall include, by way of example, those things of a proprietary business nature which might be of value to a potential competitor of the Party or Non-Party holding the proprietary rights thereto and that must be protected from disclosure to the public, whether embodied in physical objects, documents, or the factual knowledge of persons.

26.    Discovery Material designated as "CONFIDENTIAL" shall disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon order of the Court, or as set forth in this paragraph:

(a)    Outside Counsel in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    two in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting Outside Counsel in the litigation of this Action and who do not currently, and will not for three years after Final Disposition (as defined in this Order) of the Action, be involved in the prosecution or acquisition of patents or patent applications relating to satellite radio signal processing;

 (d) Experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that such consultants or experts: (1) are not presently employed by the Parties hereto for purposes other than this Action and (2) have been cleared to access such materials under the procedure set forth in this Order.

 (e) Professional Vendors; and

 (f) the Court and its personnel.

27. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

28. To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Protected Material, to the public or to employees or agents of the other Party or Non-Parties, is likely to cause economic harm or significant competitive disadvantage to the Producing Party, the Producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY."  As a general guideline, Protected Material designated as "RESTRICTED – ATTORNEYS' EYES ONLY" shall include, by way of example, technical information pertaining to products and services, pricing information, profit margins, sales, or marketing forecasts, future business plans, future sales or marketing strategy, future product development information, non-public customer lists, and other non-public information of similar competitive and business sensitivity, whether embodied in physical objects, documents, or the factual knowledge of

persons.  To the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

29.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals to whom CONFIDENTIAL material may be disclosed; provided, however, that access by in-house counsel shall be additionally limited to in-house counsel who exercise no competitive decision-making authority on behalf of the Party.

30.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).   The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to sections (h) and (k) below.  Additionally, except as provided in subsection (k) below, the stand-alone computer(s) may only be located at the offices of the Producing Party's Outside Counsel, access to which shall be controlled by reasonable physical and electronic security measures.

(b)    The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 0:00 a.m. through 6:00 p.m.  Any such request for access to the stand-alone computer for a source code inspection must be made at least seven business days in advance of the requested day of inspection and must be made in writing to Outside Counsel of the Designating Party.  Such notice shall include an identification of all persons who will attend the review of the Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  The Designating Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s).  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its Outside Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  The Receiving Party's Outside

Counsel and/or permitted Experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically except on the Source Code Computer itself.   The Receiving Party may not remove from the room in which the Source Code is inspected any copies of all or any portion of the Source Code.  Other than notes as set forth in this Section, no other written or electronic record of the Source Code is permitted.

(c)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).   Recording devices, recordable media or other electronic devices (including but not limited to sound recorders, computers, PDAs, cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, iPhones, etc.) are not permitted inside the secure room where any Source Code review takes place.  The Producing party shall provide a landline telephone in the secure room.  The Producing Party shall provide a private room at the location of any Source Code inspection where Source Code will not be accessible and thus electronic devices may be used in compliance with this Order. The Producing Party shall provide all equipment reasonably necessary to permit the Receiving Party to efficiently inspect the Source Code.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to Outside Counsel, the Court and its personnel, Professional Vendors, and up to three (3) Experts  (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to the procedures set forth in this Order.  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED – CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated  as RESTRICTED CONFIDENTIAL – SOURCE CODE;

(g)     Except as set forth in subsection (k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     Source Code may not be printed or copied without the agreement of the Producing Party or further order of the Court.   After an inspection of Source Code, a Receiving Party may request in writing, from the Producing Party, printouts of the Source Code as well as printouts of any electronic notes that the Receiving Party may have taken.  The Receiving Party's notes shall be considered protected work product, and must not be reviewed by the Producing Party or their Outside Counsel or Experts.   All printout requests by a Receiving Party for a given Producing Party's Source Code throughout the Action may not collectively exceed a total of 500 pages of Source Code, subject to further agreement between the Parties or by order of the Court.  A Receiving Party may not request to print any continuous block of Source Code that results in more than 50 printed pages.  For any request for a printout of a continuous block of Source Code exceeding 50 printed pages, the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  Outside Counsel for the Designating Party will keep the original printouts of the Source Code and shall provide copies of such original printouts to Outside Counsel for the Receiving Party within seven (7) business days of the Receiving Party's written request for printouts;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g*., a hotel prior to a Court proceeding or deposition).

## PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE TO EXPERTS

31.     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a

Party that seeks to disclose to an Expert (as defined in this Order) any information or item

that has been designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

32.   A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the Expert unless, within 14 days of delivery of the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth, in detail, the grounds on which the objection is based.

33.   The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection within fifteen (15) days of the notice, or within such other time as the Parties may agree, the Party seeking to make the disclosure to the Expert may seek the Court's relief. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

**PROSECUTION BAR**

34.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit or satellite radio signal processing, before any foreign or domestic agency, including the United States Patent and Trademark Office, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for three years after its Final Disposition (as defined herein).    For purposes of this Paragraph, "prosecution" includes drafting, editing, amending, supervising and/or providing advice for the purpose of affecting the scope of patent claims, whether through the submission of patent applications, responding to office actions, or seeking to amend claims in post-grant review proceedings (such as inter partes review).  This Paragraph shall not preclude an individual from participating in prosecution if that individual only receives access to material disclosing financial information that does not also contain or disclose "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" technical information or technical information of a Producing Party's current or future products and/or services.  This restriction does not apply generally to the law firms involved in this Action but only to the specified individuals described in

this Paragraph.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

## NO WAIVER OF PRIVILEGES

35.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

## **MISCELLANEOUS**

36.   There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

37.   Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the designating party, (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

38.   Any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend

"FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

39.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court.

40.    A Party may request in writing to the other Party that the designation given to any Designated Material be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

41.    Each outside consultant or expert to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order,

and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

42.  To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

43.  To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

44.  Within thirty (30) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

45.  The failure to designate documents, information or material in accordance with this Order

and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

46.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

47.     Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

48.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

49.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Designated Material.

## **DURATION AND FINAL DISPOSITION**

50.    This Stipulated Protective Order shall remain in force and effect until modified, superseded

or terminated by order of this Court, which may be entered pursuant to agreement of the

parties hereto.    This Stipulated Protective Order shall continue in effect after termination

of this Action and continue to be binding upon all persons to whom Protected Material is

disclosed hereunder.  Even after Final Disposition of the Action, this Stipulated Protective

Order shall remain in force and effect until a Designating Party agrees otherwise in writing

or a Court order otherwise dictates.

51.    For purposes of this Order, "Final Disposition" shall be deemed the later of (1) dismissal

of all claims and defenses in this Action, with or without prejudice; and (2) final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials or

reviews of the Action, including the time limits for filing any motions or applications for

extensions of time pursuant to all applicable law.  Upon the Final Disposition of the

Action, the Receiving Party shall, within thirty (30) days of such Final Disposition, either

return to the Designating Party all Protected Material or destroy all Protected Material of

the Designating Party in its possession.  The Parties will take reasonable steps to insure

that all electronic copies of Protected Material are destroyed or returned.  Outside Counsel

for the Receiving Party shall deliver a written notice to Outside Counsel for the Disclosing

Party certifying that reasonable efforts have been made to assure that all such Protected

Material and any copies thereof have been destroyed or delivered in accordance with the

terms of this Stipulated Protective Order.  Outside Counsel shall be entitled to retain all

litigation documents including exhibits and their own memoranda containing Protected

Material, but such litigation documents and memoranda shall be used only for the purpose

of preserving a file on this Action, and shall not, without the written permission of the

Disclosing Party or an order of the Court, be disclosed to anyone other than such Outside

Counsel.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | |
| **Plaintiff,** | **CASE NO. 2:23-cv-00591-JRG-RSP** |
| **v.** | |
| **SIRIUS XM RADIO INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for

the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____